The plaintiffs brought suit against the defendant on two policies of insurance for loss resulting from fire. The two cases were tried together, the matters in controversy being identical and the parties agreeing that the final judgment in one case should determine the judgment in the other except as to the difference in the amount of the recovery.
J. W. Ingle owned a lot containing approximately one acre, on which he built houses. Before building them he borrowed a sum of money from the Federal Mortgage Company and on 8 January, 1926, executed a deed of trust to the Central Bank and Trust Company, trustee, conveying said real estate as security for notes described as "first mortgage notes" and "second lien notes."
The deed of trust provides for the equal and proportionate benefit and security of four negotiable promissory notes referred to as the "first mortgage notes" and six negotiable notes referred to as the "second lien notes" executed by J. W. Ingle and his wife, N.J. Ingle. The first mortgage notes were payable to bearer at the Central Bank and Trust Company and the second lien notes were payable to the Federal Mortgage Company or order at its office in the city of Asheville.
On 8 December, 1928, the defendant issued to J. W. Ingle an insurance policy on the larger house for $1,000 covering a period of three years, and on the smaller house for the sum of $500 covering the same period. Both policies contained the following provisions: "This entire policy shall be void, unless provided by agreement in writing added thereto . . . (c) if, with knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property insured hereunder by reason of any mortgage or trust deed; or (d) if, any change other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard). . . . If loss or damage is made payable in whole or in part, to a mortgagee, this policy may be canceled as to such interest giving to the mortgagee ten days' written notice of cancellation." Both policies contained a Standard Mortgage Clause.
On 19 November, 1929, Ingle and his wife conveyed the property covered by these policies to J. S. Lyda and wife, and Lyda and wife executed a second deed of trust securing Lyda's indebtedness to Ingle. Lyda defaulted in payment and Ingle advertised the property under the second deed of trust and while the advertisement was running and before the sale, both houses were burned. The fire occurred 8 April, 1931.
There is evidence that Ingle at the time of his conveyance notified the Federal Mortgage Company that he had conveyed the property and *Page 766 
that he accompanied Lyda to the office of the Mortgage Company and "showed him where to make his payments." There is evidence, also, that the Mortgage Company had knowledge of the advertisement.
The pertinent provisions of the Standard Mortgage Clause are as follows: "Loss or damage, if any, under this policy, shall be payable to Central Bank and Trust Company, as trustee mortgagee (or trustee), as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; Provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void. This company reserves the right to cancel this policy at any time as provided by its terms, but, in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, and shall then cease, and this company shall have the right, on like notice to cancel this agreement."
In the county court the jury returned the following verdict:
1. Did the defendant execute and deliver the policy of insurance with standard mortgage clause thereunto affixed to the Central Bank and Trust Company, trustee, as alleged in the complaint? Answer: Yes.
2. Was the property insured conveyed by J. W. Ingle and wife to J. S. Lyda and wife before the date of the fire, to the knowledge of the Central Bank and Trust Company, trustee, as alleged in the answer? Answer: No.
3. If said property was so conveyed, did the Federal Mortgage Company have notice of such conveyance, as alleged in the answer? Answer: Yes.
4. If so, was the defendant, Carolina Insurance Company notified of such conveyance and change of ownership? Answer: No.
5. Was the property insured, to the knowledge of the Central Bank and Trust Company, trustee, advertised for sale under foreclosure before the date of the fire, as alleged in the answer? Answer: No. *Page 767 
6. If said property was so advertised, did the Federal Mortgage Company have knowledge thereof, as alleged in the answer? Answer: Yes.
7. If so, was the defendant, Carolina Insurance Company notified of such advertisement? Answer: No.
8. What was the value in cash, of the property destroyed? Answer: $2,000 (large house).
9. What amount is owing on account of the notes and deed of trust referred to in the complaint? Answer: $1,396, plus interest.
10. What amount, if any, is the defendant indebted to the plaintiff? Answer: $1,000 plus 6 per cent interest from date of fire (large house).
The judge of the General County Court gave judgment in favor of the plaintiffs on each policy and the defendant excepted and appealed to the Superior Court upon assigned error.
In the Superior Court all exceptions were overruled and judgment was rendered in favor of the plaintiffs, the court affirming the judgments of the General County Court. The defendant excepted and appealed.
The first four exceptions were taken to the court's refusal to dismiss the action and to direct an answer to the second and fifth issues. Conflicting evidence in support of the contentions of the parties precluded a nonsuit and as to the second and fifth issues the burden of proof was on the defendant. A directed instruction cannot be given in favor of the party upon whom rests the burden of proof. Bank v. McCullers, 200 N.C. 591.
The final and determinative question is raised by the provision that the mortgagee (or trustee) should notify the defendant of any change of ownership or occupancy or increase of hazard which should come to the knowledge of the mortgagee (or trustee). Such knowledge, if acquired by the mortgagee or trustee, should have been communicated to the defendant. It was contended by the defendant that the Federal Mortgage Company had notice of the conveyance of the insured property from Ingle to Lyda and of the advertisement of sale under the foreclosure of the second deed of trust; also that this company was the agent of the Central Bank and Trust Company, mortgagee or trustee, and that notice to the agent was notice to the principal. It was further contended that neither the Mortgage Company nor the bank imparted notice to the defendant and that the policy of insurance is consequently void.
There is evidence that Ingle obtained from the Mortgage Company the loan secured by the deed of trust, at least the amount represented *Page 768 
by the "first mortgage notes," and it is argued that this company is in reality the mortgagee; but in our opinion the proper interpretation of the contract leads to the conclusion that the Mortgage Company was the beneficiary or cestui que trust and the Central Bank and Trust Company the trustee expressly designated in the deed of trust. The record contains evidence in support of the contentions of the plaintiffs and the defendant, but the question of agency was submitted to the jury under instructions, in which we find no reversible error, and was answered in favor of the plaintiffs. We do not think the court's instruction on this question should be restricted to the limitation by which it is circumscribed in the argument for the defendant. It is a reasonable inference from the evidence that the Mortgage Company was merely an agent for the collection of the notes.
We have considered all the exceptions and find no reason for disturbing the judgment. Judgment
Affirmed.